ELIZABETH NESBIT, as Executrix, etc., of ROBERT W. NESBIT, Deceased, Respondent, *v.* HALPERN ALBERT, Appellant.

*Guaranty on a lease — filling in blanks in the lease after it is delivered to the lessee to give to lessor — effect on the guarantor's liability.*

A surety on a lease having turned over to the lessee therein named the lease bearing the contract of guaranty signed by him and witnessed in due form cannot thereafter, as against the lessor coming into possession of the lease and the contract of guaranty, without any knowledge that the blanks had been filled up therein subsequent to its execution, assert that fact as a defense to his liability thereunder.

A surety having signed a contract of guaranty, which asserted the existence of a money consideration from the lessor, and the further consideration of a letting of the premises to the lessee, and delivered the same to the lessee, duly witnessed, must be held to have authorized its delivery to the lessor as a completed instrument, and if he seeks to be relieved from liability under his contract, on the ground that the instrument has been altered since its execution, he must show that the instrument was altered after it came into the possession of the lessor.

APPEAL by the defendant, Halpern Albert, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of April, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit, and also from an order made on the 24th day of April, 1894, denying the defendant's motion for a new trial.

*A. H. Parkhurst*, for the appellant.

*Edward B. Hill*, for the respondent.

PER CURIAM :

This action was brought to recover the rent unpaid under a lease, upon which the defendant was surety.

Sylvanus C. Boynton, prior to the execution of the lease, was in possession of the same premises as tenant, but as he was not prompt in making payment of the rent as it became due, he was required as a condition of a further leasing of the premises to obtain a surety who should guarantee such payment. In due course he executed the lease himself and procured this defendant to become surety thereon.

He continued in possession under the new lease for a period of about nine months, but for a portion of the time he failed to pay the rent.

The direction of a verdict in favor of the plaintiff, the appellant says, was erroneous, in that there was sufficient evidence tending to show that the agreement was not filled out at the time of its execution by the surety to have at least presented a question for the jury.

It was not only proved by the subscribing witness and the lessee that the surety signed the contract of suretyship, but he admits it himself and concedes that he understood the purpose of it at the time of its execution.

The defendant having turned over to the lessee the lease bearing

the contract of guaranty signed by himself and witnessed in due form, he could not thereafter as against the lessor, coming into possession of the lease and the contract of guaranty, without any knowledge that the blanks had been filled up subsequent to execution, assert that fact as a defense. (*Singer Manufacturing Company* v. *Drummond,* 40 Hun, 260.)

For the same reason the attempt to swear the seal off of the contract at the time of its execution was not effective.

There was evidence, it is true, that the contract when signed by the surety did not bear a seal — sufficient evidence to have presented a question for the jury, if a favorable determination by them could have affected the result. But the surety having signed the contract which asserted the existence of a money consideration from the lessor, and the further consideration of a letting of the premises to the lessee, and delivered the same to the lessee duly witnessed, must be held to have authorized its delivery to the lessor as a completed instrument, and if he seeks to be relieved from liability under his contract on the ground that the instrument has been altered since its execution, he must show that the instrument was altered after it came into the possession of the lessor.

No other rule would be safe, and there is no authority asserting the existence of such a rule. This, defendant did not attempt to show.

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Judgment affirmed, with costs.